UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                     Case No. 8:16-cr-117-T-33MAP

JOSEPH KARL PHILLIPS

_____/

**ORDER**

Defendant Joseph Karl Phillips entered a plea of guilty to failure to register as a sex offender in violation of the Sex Offender Registration and Notification Act. At sentencing, Defendant raised an objection to his presentence report in which he is categorized as a tier II sex offender. Defendant maintains that he should be scored as a tier I sex offender. Defendant filed his Sentencing Memorandum on September 15, 2016. (Doc. # 30). The Government filed its Sentencing Memorandum on September 18, 2016. (Doc. # 31). The Court pronounced its sentence on September 23, 2016, and as explained below, determined that Defendant is a tier II sex offender.

I.   **Background**

While residing in Vermont, the Defendant was convicted of sexually molesting his fourteen year old step-daughter in August of 2005. The arrest affidavit from those proceedings generally states that after the victim went to bed, Defendant

crawled naked into bed with her and placed his hand underneath her shirt.  She told him to stop.  Defendant then put his hand down the front of his step-daughter's pants and, after she crossed her legs so he could not go any further, Defendant put his hand down the back of her pants, touching her rectal area.

Defendant entered a plea of guilty to violating 13 V.S.A. § 2602, which provides:

> A person who shall willfully and lewdly commit any lewd or lascivious act upon or with the body, or any part or member thereof, of a child under the age of sixteen years, with the intent of arousing, appealing to, or gratifying the lust, passions or sexual desires of such person or of such child, shall be imprisoned for the first offense, not less than one year nor more than five years, or fined not more than $3,000.00, or both . . . .

On June 20, 2006, Defendant was convicted of lewd and lascivious conduct with a child in the Vermont Superior Court for Essex County in Vermont in Case Number 70-9-5. (Doc. # 28 at 7). Under the Sex Offender Registration and Notification Act (SORNA), Defendant had a duty to register as a sex offender and keep the registration current, in each jurisdiction where he resided. 42 U.S.C. § 16901.

On July 23, 2009, upon Defendant's release from prison for the offense of lewd and lascivious conduct with a child, Defendant reported to a Vermont police station to register as a sex offender. (Doc. # 17 at 2).  In December of 2013,

2

Defendant moved to New Hampshire, where he initially continued registering as a sex offender. (Id.).

However, in October of 2014, Defendant moved to Tennessee, established his residence, and obtained a drivers' license, but did not notify New Hampshire authorities of his relocation. (Id. at 3). The state of New Hampshire issued a warrant for his arrest for failure to notify the authorities about his intent to leave New Hampshire. (Id.). Thereafter, in August of 2015, Defendant moved to Hudson, Florida. (Id.). On August 8, 2015, Defendant reported to a Florida DMV office to update his address, but he did not register as a sex offender in Florida. (Id.). On December 18, 2015, law enforcement conducted a check of the national sex offender registry and determined that Defendant had last registered as a sex offender in New Hampshire. (Id.).

On March 17, 2016, Defendant was charged in a one-count indictment with knowingly and unlawfully failing to register and update registration as required by SORNA, in violation of 18 U.S.C. § 2250(a). (Doc. # 1). Defendant entered a plea of guilty to the offense of failing to register as a sex offender on June 13, 2016. (Doc. # 18). This Court accepted Defendant's guilty plea on June 29, 2016. (Doc. # 24).

The Defendant's sentencing began on September 19, 2016.

(Doc. # 32).  However, the Court continued the sentencing September 23, 2016, to resolve the issue of whether Defendant is a tier I or tier II sex offender.

In SORNA cases, the defendant's guidelines sentencing range is dependent upon the defendant's sex offender classification.  Specifically, the Sentencing Guidelines assign base offense levels of sixteen, fourteen, and twelve for tier III, tier II, and tier I sex offenders, respectively. U.S.S.G. § 2A3.5(a). SORNA classifies defendants as tier I, tier II, or tier III depending on the seriousness of the underlying offense. United States v. Berry, 814 F.3d 192, 195 (4th Cir. 2016).

A tier II sex offender is:

a sex offender other than a tier III sex offender whose offense is punishable by imprisonment for more than 1 year and –
    (A) is comparable to or more severe than the following offenses, when committed against a minor, or an attempt or conspiracy to commit such an offense against a minor:
        (i) sex trafficking (as described in [18 U.S.C. § 1591]);
        (ii) coercion and enticement (as described in [18 U.S.C. § 2422(b)]);
        (iii) transportation with intent to engage in criminal sexual activity (as described in [18 U.S.C. § 2423(a)]);
        (iv) abusive sexual contact (as described in [18 U.S.C. § 2244]);
        (B) involves –
        (i) use of a minor in a sexual performance;
        (ii) solicitation of a minor to practice

4

> prostitution; or
>       (iii) production or distribution of child
> pornography; or
>       (C) occurs after the offender becomes a tier I
> sex offender.

42 U.S.C. § 16911(3)(emphasis added).   Tier I, on the other hand, "serves as a catch-all provision for convicted sex offenders not otherwise grouped into Tier II or Tier III." United States v. Morales, 801 F.3d 1, 3 (1st Cir. 2015).

Defendant maintains that he is a tier I sex offender because the relevant Vermont Statute is not comparable to any of the above-enumerated offenses, while the Government contends that Defendant should be categorized as a tier II sex offender because his offense is comparable to "coercion and enticement" as criminalized in 18 U.S.C. § 2422(b).

## II.  Analysis

Recently, the Fourth Circuit determined that "Congress intended courts to apply a categorical approach to sex offender tier classifications designated by reference to a specific federal criminal statute, but to employ a circumstance-specific comparison for the limited purpose of determining the victim's age." Berry, 814 F.3d at 197 (quoting United States v. White, 782 F.3d 1118, 1135 (10th Cir. 2015)).

Here, both Defendant and the Government agree that it is appropriate to utilize a categorical approach because the

5

Vermont statute in question is non-divisible. See United States v. Simard, 731 F.3d 156, 161 (2d Cir. 2013)("13 Vt. Stat. Ann. § 2602 . . . criminalizes a single, non-divisible offense"). The Government also concedes that "if the Vermont statute is compared to the federal statute of 'abusive sexual contact,' the state statute is broader than its supposed federal counterpart." (Doc. # 31 at 8).

Thus, utilizing the categorical approach, the Court will compare the Vermont statute, 13 Vt. Stat. Ann § 2602, to "coercion and enticement," as described in 18 U.S.C. § 2422(b).[1] In Simard, the Second Circuit carefully scrutinized 13 Vt. Stat. Ann. § 2602, explaining that the purpose of the Vermont statute is "protecting children from sexual exploitation by any form of physical contact initiated for that purpose," but also recognizing that under Vermont law, "lewd and lascivious conduct does not necessarily require physical contact between the perpetrator and the victim." Simard, 731 F.3d 163. The Vermont statute "targets exploitation and coercion, or the 'misuse or maltreatment of a minor for the purpose associated with sexual

_____

[1] The Government and the Defendant agree that it is not necessary to compare the Vermont statute to the generic federal "abusive sexual contact" statute, and the Court has accordingly not compared the two statutes.

gratification.'" Id. (citing United States v. Barker, 723 F.3d 315, 324 (2d Cir. 2013)).  And, in the Eleventh Circuit, it is well recognized that: "The conclusion that 'sexual abuse of a minor' is not limited to physical abuse also recognizes an invidious aspect of the offense; that the act, which may or may not involve physical contact by the perpetrator, usually results in psychological injury for the victim, regardless of whether any physical injury was incurred." United States v. Padilla-Reyes, 247 F.3d 1158, 1163 (11th Cir. 2001).

The question posed is whether the relevant offense in Vermont (violation of statute, 13 Vt. Stat. Ann § 2602), is comparable to or more severe than coercion and enticement, as described in 18 U.S.C. § 2422(b), such that Defendant may be classified as a tier II sex offender.

The coercion and enticement statute, 18 U.S.C. § 2422(b), targets those who "knowingly persuade[], induce[], entice[], or coerce[] any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense . . ."

Like the Vermont statute, the federal coercion and enticement statute seeks to protect minors from coercion and sexual predation.  And, just like the Vermont statute, the coercion and enticement statute does not require any physical

contact with the victim. In fact, the Court's research

revealed many cases in which defendants were tried with

violation of the coercion and enticement statute (or an

attempt to violate that statute) by communicating with the

victim in an effort to persuade a minor to engage in a sexual

act. See e.g. United States v. Engle, 676 F.3d 405, 423 (4th

Cir. 2012)("When a defendant initiates a conversation with a

minor, describes the sexual acts that he would like to perform

on the minor, and proposes a rendezvous to perform those acts,

he has crossed the line toward enticing a minor to engage in

unlawful sexual activity."). With reference to § 2422(b), the

Engle court explained: "Sexual abuse of minors can be

accomplished by several means and is often carried out through

a period of grooming." Engle, 676 F.3d at 412 (citing United

States v. Chambers, 642 F.3d 588, 593 (7th Cir. 2011)).

Section 2422(b) "target[s] the sexual grooming of minors as

well as the actual sexual exploitation of them." Engle, 676

F.3d at 412 (citing United States v. Berg, 640 F.3d 239, 252

(7th Cir. 2011)).

With the benefit of oral argument, using a categorical

approach, and not considering the facts of the actual offense

against his step-child, the Court finds Defendant's offense in

Vermont is "comparable to" or even more serious than a

violation of 18 U.S.C. § 2422(b), so that he is a tier II offender.  The Vermont statute was enacted to protect children from sexual exploitation, coercion, and abuse (whether with or without physical contact).  To find a defendant guilty of lewd and lascivious conduct with a child under the Vermont statute, the state has to prove the following elements:

1.  Defendant _____;
2.  acting willfully;
3.  Lewdly  committed  a  [lewd]  [lascivious]  act [upon]  [with]  the  body  of  (victim)  _____,  by (specific acts) ____;
4.  At that time, (victim) _____ was under the age of 16 years; and
5.  Defendant _____ intended to [arouse] [appeal to] [gratify] [his or her own] [the child's] [lust] [passions] [sexual desires].

Meanwhile, "to establish a violation of § 2422(b), the government has to prove the following four elements: (1) the use of a facility of interstate commerce; (2) to knowingly persuade, induce, entice, or coerce, or attempt to persuade, induce, entice, or coerce; (3) any individual who is younger than 18; (4) to engage in any sexual activity for which any person can be charged with a criminal offense." United States v. Cochran, 510 F. Supp. 2d 470, 475 (N.D. Ind. 2007).

These statutes criminalize coercion and enticement of minors to engage in sexual activity, and neither one requires physical contact with the victim.  The Berry court instructs:

9

> The categorical approach focuses solely on the relevant offenses' elements, comparing the elements of the prior offense of conviction with the elements of the pertinent federal offense, also referred to as the generic offense. <u>United States v. Price</u>, 777 F.3d 700, 704 (4th Cir.) cert. denied, 135 S. Ct. 2911 (2015).  If the elements of the prior offense "are the same, or narrower than," the offense listed in the federal statute, there is a categorical match.  <u>Descamps</u>, 133 S. Ct. at 2281.  But if the elements of the prior conviction "sweep more broadly," <u>id.</u> at 2283, such that there is a "realistic probability" that the statute of the offense of prior conviction encompasses conduct outside of the offense enumerated in the federal statute, the prior offense is not a match.

<u>Berry</u>, 814 F.3d at 195–196.  The Court finds that the Vermont statute is narrower in scope than the generic federal statute of coercion and enticement and therefore, there is a match. Defendant is therefore sentenced a tier II sex offender.  As pronounced in open Court, the Court sentenced Defendant to a term of 15 months imprisonment.  At the conclusion of the sentencing proceeding, the Government requested that the Court make an alternative finding that Defendant would be sentenced to 15 months imprisonment regardless of whether he was a tier I or tier II sex offender based on an analysis of the Sentencing Guidelines.  The Court declines to make an alternative finding as a preventative measure in the instance that the Eleventh Circuit may disagree with the Court's tier II finding.  In the instance that an appeal is taken and the

Eleventh Circuit reverses the Court's sentence, the Court will

take the matter up upon remand.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>23rd</u>

day of September, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

11